IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID T. LUMPKIN | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv339 |
| J. BARTLETT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff David T. Lumpkin, proceeding *pro se*, filed the above-styled lawsuit. This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural Background

On March 28, 2023, the court entered an order directing plaintiff to either pay the filibng fee or file a motion to proceed *in forma pauperis* accompanied by a statement showing deposits into his inmate trust account during the preceding six month period. Plaintiff was given 20 days to comply with the court's order. Plaintiff acknowledged receipt of the order on April 3, 2023. The time for complying with the order has expired. However, plaintiff has not complied with the court's order or otherwise contacted the court.

Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

By failing to comply with the order described above, plaintiff has failed to diligently prosecute this lawsuit. As a result, this case should be dismissed for want of prosecution.

<u>Recommendation</u>

This lawsuit should be dismissed without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

<u>Objections</u>

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

SIGNED this 26th day of April, 2023.

_____
Zack Hawthorn
United States Magistrate Judge